### Joe Polser *v.* The State.

1. NEW TRIAL. — A new trial will not be granted on account of evidence discovered after the trial, but designed only to impeach a witness.

2. SAME—MATERIALITY OF EVIDENCE. — And it must appear that the newly

discovered evidence upon which an application for a new trial is based, is otherwise material to the defence. In this case, the evidence set out in the application presents no facts inconsistent with the defendant's guilt.

3. SAME — APPLICATION AND AFFIDAVIT. — Applications for new trial, in order to present newly discovered evidence, must be accompanied by proper affidavits, or good cause be shown why not so accompanied.

APPEAL from the District Court of Dallas. Tried below before the Hon. Z. HUNT.

Appellant, Andrew Speer, and Gottlieb Sauter were charged by indictment with the theft of a steer, the property of V. S. Boules. The defendant, being tried alone, was found guilty, upon evidence sufficient to support the verdict, and his punishment was placed at two years in the penitentiary.

No brief for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

ECTOR, P. J. In this case, Joe Polser, the appellant, was jointly indicted with Andy Speer and Gottlieb Sauter, for the theft of a steer. A *nolle prosequi* was entered as to the defendants Speer and Sauter. The appellant was then placed upon trial, and convicted.

After a careful examination of the entire record, we have failed to discover any error committed on the trial of the case in the District Court which would require a reversal of the judgment. The charge of the court, taken as a whole, was a fair presentation of the law of the case, and is not liable to objections urged against it in the brief of counsel for appellant.

We believe that the court did not err in refusing to give the special instructions asked by appellant.

The court properly overruled appellant's motion for new trial. The affidavit of Payne does not pretend to state that the steer he saw a negro man drive into Bergman's slaughter-pen was the one for the theft of which appellant was convicted. Every word stated in the affidavit of Payne may

be true, and yet appellant be guilty as charged in the indictment.

The evidence set out in the motion, by which the appellant states he could impeach the testimony of Upson Wilson, one of the State's witnesses, presents no sufficient reason why a new trial should have been granted. A new trial will not be granted on account of evidence discovered after the trial, but which is only designed to impeach a witness. *Hauck* v. *The State*, 1 Texas Ct. App. 357; *Thompson* v. *The State*, 2 Texas Ct. App. 289; *Love* v. *The State*, 3 Texas Ct. App. 501.

And the other newly discovered evidence, which appellant sets out in his motion, that he could prove by the witnesses Murphy, Johnson, Williams, and Bergman is not material, and is not accompanied by the affidavits of the witnesses, and no good cause is shown why not so accompanied; nor is it accompanied by the affidavits of the persons who informed the appellant of the facts he could prove by said absent witnesses.

The judgment of the court below is affirmed.

*Affirmed.*